IN THE MATTER OF THE ESTATE OF JOHN N. OSLAND, DECEASED.

[No. 1-1074A147. Filed May 27, 1975.]

*Theodore L. Sendak,* Attorney General, *William E. Daily,* Deputy Attorney General, for appellant.

*Parr, Richey, Obremsky, Pedersen & Morton,* of Lebanon, for appellee.

LYBROOK, J.—This appeal presents the question of whether life insurance proceeds paid to co-trustees of an *inter vivos*

trust of the decedent are subject to Indiana Inheritance Tax under the provisions of IC 1971, 6-4-1-1 (Burns Code Ed.), where the trustees, in their sole discretion, were authorized to use the proceeds to satisfy certain claims against the decedent's estate.

The record reveals that approximately nine years before his death, John N. Osland established an *inter vivos* trust, naming Welden Ingvaldson of Minneapolis and Northwestern National Bank of Minneapolis as co-trustees. The trust indenture provided that the trustees had the discretionary power to utilize the net income and principal of the trust estate to satisfy the expenses of Osland's last illness, funeral, interment, and any taxes (income, property, inheritance, estate, transfer and succession) which were properly chargeable against Osland's estate. The trust was to be funded mainly by proceeds of insurance policies on Osland's life. The trustees, on the date of Osland's death, were both owners and beneficiaries of the policies. Upon Osland's death, life insurance proceeds in the sum of $195,485.77 were paid to the trustees.

During administration of Osland's estate the court held that the above-mentioned life insurance proceeds were not transferred in such a manner as to be subject to Indiana Inheritance Tax. In presenting this appeal, the Inheritance Tax Division of the Department of Revenue, State of Indiana, contends that the provisions of the trust indenture which vested the trustees with the discretionary power to pay specified claims against Osland's estate were sufficient to make the transfer subject to taxation under IC 1971, 6-4-1-1, *supra.* Appellant maintains alternatively that even if all the proceeds are not includable in Osland's estate for inheritance tax purposes, at least that portion of the proceeds which were, in fact, used to satisfy the claims against the estate should be deemed to be subject to inheritance tax.

While appellant's argument seems convincing at first blush, especially as to any portion of the proceeds actually utilized by the trustees to satisfy claims against Osland's estate,

perusal of IC 1971, 6-4-1-1, *supra,* is dispositive. In pertinent part, the statute provides:

> "Proceeds of life insurance policies on the life of a decedent payable in such a manner as to be subject to claims against his estate *and* to distribution as a part thereof shall be hereunder held to be a part of the estate, but payable either directly or in trust for the use of any person or persons other than the estate so that it does not become a part thereof or subject to such claims, said proceeds shall not be taxed." (Emphasis supplied.)

It cannot be seriously disputed that this provision clearly imposes a two-fold test for determining whether life insurance proceeds are to be included in a decedent's estate for inheritance tax purposes. To be included, the proceeds must be payable in such a manner as to:

(1) be subject to claims against the decedent's estate *AND*
(2) be subject to distribution as a part of the decedent's estate.

Clearly, this is not an "either/or" proposition, but rather two distinct requirements, both of which must be satisfied before it can be said that life insurance proceeds are includable in a decedent's estate for inheritance tax purposes.[1] If the proceeds are payable in such a manner that they are *either* not subject to claims of the estate *or* not distributable as a part thereof, the proceeds are not taxed.

In the case at bar, irrespective of whether it can be said that the proceeds were subject to claims against Osland's estate, it is apparent that the second requirement of IC 1971, 6-4-1-1, *supra,* has not been satisfied. By designating the co-trustees as beneficiaries of the life insurance policies, and further, by transferring ownership of the policies to the trustees, Osland has effectively pre-

---

1. In an official Attorney General Opinion dated November 28, 1961, the State expressly recognized the dual nature of the statutory language when it was stated that life insurance proceeds become subject to inheritance taxation:

> ". . . only if it becomes a part of the assets of the estate so as to be subject to the payment of claims against the estate *and* distributable either pursuant to the terms of a will or by reason of the laws of intestate succession." p. 385. (Emphasis added.)

cluded the proceeds from being subject to distribution as a part of his estate. Neither a provision in Osland's will nor intestate succession could operate to divest the trustees of their claim to the proceeds. Appellant has not demonstrated that the proceeds are, in any manner, subject to distribution as a part of Osland's estate.

We conclude that the trial court did not err in denying appellant's petition to have the proceeds declared subject to the inheritance tax. Appellant suggests that the ruling of the trial court, which has received our approval, violates the maxim that the law does not permit one to do indirectly that which he cannot do directly. While one might sympathize with appellant's position, we are constrained herein to render operative the language of the statute as written absent a showing of unconstitutionality. An appeal to alter such language should be made to the legislature not the judiciary.

Judgment affirmed.

Robertson, C.J. and Lowdermilk, J., concur.

NOTE.—Reported at 328 N.E.2d 448.